%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TARRON HARRIS

## DEFENDANTS
NATIONAL RECOVERY AGENCY

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
CRAIG THOR KIMMEL, KIMMEL & SILVERMAN, P.C.
30 EAST BUTLER PIKE, AMBLER, PA 19002
(215) 540-8888 EXT. 116

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692k

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  05/11/2015

SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| TARRON HARRIS | : | CIVIL ACTION |
| v. | : | |
| NATIONAL RECOVERY AGENCY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        (x)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                    ( )

| | | |
|---|---|---|
| 05-11-15 | _(signature)_ | Plaintiff, Tarron Harris |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 540-8888 | (877) 788-2864 | kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5305 Wyalusing Avenue, Philadelphia PA 19131

Address of Defendant: 2491 Paxton Street, Harrisburg, PA 17111

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 05/11/15     _____Attorney-at-Law_____     57100 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/11/15     _____Attorney-at-Law_____     57100 Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

TARRON HARRIS,                              )
                                            )
      Plaintiff                             )
                                            )  **Case No.:**
   v.                                       )
                                            )  **COMPLAINT AND DEMAND FOR**
NATIONAL RECOVERY AGENCY,                   )  **JURY TRIAL**
                                            )
      Defendant                             )  **(Unlawful Debt Collection Practices)**

## COMPLAINT

TARRON HARRIS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NATIONAL RECOVERY AGENCY ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19131.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 2491 Paxton Street, Harrisburg, Pennsylvania 17111.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12. The debt Defendant was seeking to collect, a credit card, arose out of transactions that were primarily for personal, family, or household purposes.

13. Beginning in or around April 2014 and continuing through July 2014, Defendant repeatedly contacted Plaintiff on his home and cellular telephones seeking and demanding payment of an alleged debt.

14. Defendant contacted Plaintiff multiple times a week, in its attempts to collect an alleged debt.

15. For example, Defendant called Plaintiff on June 23, 2014, at 7:44 p.m.; June 24, 2014, at 2:41 p.m.; June 27, 2014, at 3:54 p.m.; June 30, 2014, at 3:43 p.m.; and July 2, 2014, at 4:48 p.m.

16. It was aggravating, annoying and harassing for Plaintiff to receive continuous collection calls on his home and cellular telephones.

17. In response to Defendant's collection calls, on at least one occasion, Plaintiff instructed Defendant to stop calling him.

18. Despite Plaintiff's clear request, Defendant continued to call Plaintiff on a continuous and repetitive basis.

19. Defendant knew that Plaintiff did not want to be called on his home

and cellular telephones, but continued to do so, with the intent to annoy, abuse and harass Plaintiff, hoping that such continued calls would cause Plaintiff to make payment on the alleged debt.

20. Further, in response to Plaintiff's request that Defendant stop calling, Defendant threatened to "serve" Plaintiff with "legal papers."

21. Upon information and belief, Defendant did not intend to take legal action against Plaintiff, and did not have the legal authority to take legal action against Plaintiff.

22. Also, Defendant threatened to have Plaintiff "locked up" if he did not pay the debt.

23. Non-payment of a debt is not a criminal offense, and a person cannot be imprisoned for non-payment of a debt.

24. Defendant's threat to have Plaintiff locked up was false and made, upon information and belief, to scare and coerce Plaintiff into making payment on the alleged debt.

25. Further, when speaking to Plaintiff, Defendant used profanity and other abusive and/or demeaning language.

26. Finally, in its attempts to collect a debt, Defendant contacted Plaintiff at times when it was inconvenient for him to receive collection calls; specifically, Defendant called Plaintiff after 9:00 p.m. which is a *per se* inconvenient time to

receive collection calls.

27.  Defendant called Plaintiff on July 14, 2014, at 10:23 p.m. <u>See</u> Exhibit A, Plaintiff's phone record.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

28.  Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(a)(1).

   a.  A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

   b.  Here, Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff after 9:00 p.m.

### COUNT II

29.  Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(2).

    a.    A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    A debt collector violates § 1692d(2) of the FDCPA by using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

    c.    Here, Defendant violated §§ 1692d and 1692d(2) of the FDCPA by repeatedly contacting Plaintiff on his home and cellular telephones multiple times a week, and continuing to call Plaintiff after being told to stop calling him, as well as using profanity and other abusive language when speaking to Plaintiff.

## COUNT III

30.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(4) and 1692e(5) of the FDCPA.

    a.    A debt collector violates § 1692e of the FDCPA by using any false, deceptive or misleading representations or means in connection with the collection of any debt.

    b.    A debt collector violates § 1692e(4) of the FDCPA by

representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

c. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d. Here, Defendant violated §§ 1692e, 1692e(4) and 1692e(5) of the FDCPA by falsely threatening Plaintiff that he would be "locked up" and "served with legal papers" as non-payment of a debt is not a crime and it did not intend to take legal action and did not have authority to take legal action against Plaintiff.

## COUNT IV

31. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f of the FDCPA.

   a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

   b. Here, Defendant violated § 1692f of the FDCPA engaging in

other unfair and unconscionable debt collection practices, including failing to update its records to cease collection calls to Plaintiff's home and cellular telephones after he told them to stop calling.

WHEREFORE, Plaintiff, TARRON HARRIS, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TARRON HARRIS, demands a jury trial in this case.

|   |   |
|---|---|
| | RESPECTFULLY SUBMITTED, |
| Date: May 11, 2015 | By: _____<br>CRAIG THOR KIMMEL<br>Attorney ID No. 57100<br>Kimmel & Silverman, P.C.<br>30 E. Butler Pike<br>Ambler, PA 19002<br>Phone: (215) 540-8888<br>Fax: (877) 788-2864<br>Email:   kimmel@creditlaw.com |